**SEETRANSPORT WIKING TRADER SCHIFFARTGESELLSCHAFT, MBH & CO., Kommanditgesellschaft, Plaintiff,**

v.

**NAVIMPEX CENTRALA NAVALA and Uzinexportimport, Defendants.**

**No. 88 Civ. 2132 (VLB).**

United States District Court, S.D. New York.

Nov. 16, 1993.

---

**80**

William J. Brady, III, Poles, Tublin, Patestides & Stratakis, New York City, for plaintiff.

Radu Herescu, New York City, for defendants.

## MEMORANDUM ORDER

BRIEANT, District Judge.

### I

This case concerns an international arbitration award growing out of nonperformance of a maritime construction contract. In *Seetransport Wiking Trader v. Navimpex*, 989 F.2d 572 (2d Cir.1993), the Court of Appeals upheld subject matter and personal jurisdiction, but found that suit to enforce the award was time barred; the Court remanded for consideration of whether a Court of Appeals of Paris ("Paris Court") decision on March 4, 1986 dismissing an application for annulment of the arbitration award was enforceable in France and hence enforceable by this court. I conclude that the Paris Court's ruling embraces effectuation of the award, is enforceable in France, and should be enforced here.

### II

The factual background of this case, including the entry of an arbitration award, in two segments on November 2, 1981 and March 26, 1984, in favor of plaintiff and the upholding of the award by the Paris Court is set forth in the Second Circuit decision and need not be repeated here. That Court held that New York law was applicable to the enforcement of the Paris Court's decision here; New York law, in turn, permits enforcement of a foreign judgment if "final, conclusive and enforceable where rendered ..." N.Y.Civ.Prac.L. & R. § 5302 (McKinney's 1978).

### III

Enforceability of an arbitration award in France is known as *exequatur*, and is authorized whenever an appeal challenging an award is unsuccessful, with the obvious purpose of avoiding multiple applications concerning the same issues (compare Fed. R.Civ.P. 1). Article 1490 of the French New Code of Civil Procedure ("NCCP") provides:

> Rejection of an appeal or a motion to set aside confers the exequatur upon the arbitration award ...

By virtue of NCCP Article 1507 this provision applies to international arbitration.

Article 1490 was adopted by Decree 81–500 of May 12, 1981. Article 56 of this Decree provides that the procedural provisions relevant here, NCCP Book IV, Title VI ("Recognition and Enforcement of, and Means of Recourse Against, Arbitral Awards Rendered Abroad or in International Arbitration") including NCCP Article 1507 making Article 1490 applicable to international arbitration, applies to arbitration awards granted after the date of publication of the Decree, May 14, 1981.[1]

While the arbitration agreement preceded 1981, the award and ensuing French litigation followed it, and the parties can be expected to have been aware of and bound by the procedural system as it existed at the time of such steps. No erosion of substantive rights is involved inasmuch as there is no dispute that plaintiff in lieu of relying on Article 1490 could have secured the same result through a separate application for *exequatur*.

Defendants' arguments asserting that a separate *exequatur* request is mandated not-

---

**1.** Discrepancies in the use of "Article," "Section," etc. occur in differing translations of the French text containing the same substance.

withstanding the French statutes involved, if accepted, would create a trap for the unwary. This would be both technically meritless and contrary to the interests of justice.[2] Such traps would be harmful to the worldwide effort to make international arbitration reliable with no offsetting benefit to the principles of justice, thus contributing making it more difficult to conduct business with confidence in the multinational marketplace. See Jones, "Jurisprudence of Contracts," 44 U.Cinc.L.Rev. 43 (1975).

## IV

Upon consideration of the issue remanded by the Court of Appeals, the earlier judgment in favor of plaintiff may now be enforced.

SO ORDERED.

2. I find the other arguments raised by defendants likewise lacking in merit and not to require separate discussion.